**Juan Carlos RODRIGUEZ;
et al., Petitioners,**

**v.**

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 07–70741.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2007 **.

Filed Oct. 18, 2007.

Juan Carlos Rodriguez, Costa Mesa, CA, pro se.

Ramona Balensuela Contreras, Costa Mesa, CA, pro se.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM ***

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of petitioners' application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b).

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ We have reviewed petitioners' response to the court's March 9, 2007 order to show cause, and we conclude that petitioners have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review because this court has held that the Nicaraguan Adjustment and Central American Relief Act special rule cancellation does not violate equal protection. *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002); *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001). Accordingly, the court *sua sponte* dismisses this petition for review in part for lack of jurisdiction as to petitioners Juan Carlos Rodriguez (Agency No. A95–200–425) and Ramona Balensuela Contreras (Agency No. A95–200–426). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales,* 439 F.3d 592 (9th Cir.2006); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

■ With respect to petitioner Juan Carlos Rodriguez Valenzuela (Agency No. A95–200–427), the court *sua sponte* summarily denies this petition for review because the questions raised by this petition for review as to this petitioner are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Petitioner Juan Carlos Rodriguez Valenzuela is ineligible for cancellation of removal because he lacks a qualifying relative under the statute. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring alien to show that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"); *Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002) (denying cancellation of removal where alien lacked a qualifying relative under the statute).

Accordingly, this petition for review is denied as to petitioner Juan Carlos Rodriguez Valenzuela and dismissed as to petitioners Juan Carlos Rodriguez and Ramona Balensuela Contreras.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**DISMISSED IN PART AND DENIED IN PART.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and

many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioners] and give us humane laws that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).